# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL 15 2020
JEFFREY P. COLWELL
CLERK

United States of America

V.    Case No. 18-cr-00540-RBJ-2

Sergio J. Cruz

## MOTION
### For Release Pending Sentencing, Brief In Support

Petitioner brings this motion in Pro Se, for release pending sentencing.

## Background:

The Court, on 18 November 2019, issued a warrant for Petitioner. Based on the Petition filed by the Probation officer, for a Person under Supervision, on 28 October 2019. Petitioner was arrested and taken into custody on 30 April 2020. And has been in custody since that date. Petitioner is now before this Honorable Court. Seeking home confinement Pending Sentencing, for the Supervised release violation.

## Legal Argument:

Petitioner cites the Bail Reform Act, in conjunction with the Mandatory Act. Which requires that defendants who are found guilty of certain categories of offenses must be detained Pending Sentencing, with three exceptions. [18 U.S.C. 3143(a)(2)] All three exceptions require an initial finding by clear and convincing evidence that the Person is not likely to flee or pose a danger to any other Person or the community. [3143(a)(2)(B)] quoting U.S. v. Hosier, 617 Fed. Appx. 910 a 914 (10th cir. 2015)

Under the Bail Reform Act, the government has the burden of proof = that no condition or combination of conditions will reasonably assure the appearance of the Person as required and the safety of any other Person and the community = [18 U.S.C. 3142(e)] quoting U.S. v. Cisneros, 328 F.3d 610 @ 616 (10 Cir 2003)

18 USC 3142(g):
Under Section 3142(g), the Judicial officer must consider four factors as part of the evaluation. See; U.S. v. Luton, 2019 U.S. Dist. LEXIS 89436 (D. Colo, CMA, 28 May) that Court held 3142(g) Provides:

(1) The nature and circumstances of the offense charged...

(2) the weight of the evidence against the Person;

(3) the history and characteristics of the Person...

(4) the nature and seriousness of the danger to any Person or the community that would be posed by the Person's release...
[18 U.S.C. 3142(g)(1)-(4)]

Nature and Circumstances of the Offense:
Petitioner was originally convicted of a class A felony. On 9 August 2018, Petitioner filed a 28 USC 2255, challenging his original sentence. And his status as a career offender. The Court agreed that Petitioner was no longer a career offender, in light of Johnson v. U.S, 135 S.ct 2551 (2015) And corrected Petitioner's imposed sentence, to [time served]. See;

Cruz v. U.S., 2018 U.S. Dist. LEXIS 134532 (So. Dist. IL-SMY, 9 Aug)
At this time, Petitioner is before this Honorable Court. Awaiting Sentencing for a Supervised release violation. with an [advisory] guideline range for revocation of 8 to 14 months. Which due to Petitioner being classified a career offender. believes the correct advisory guideline range is [7 to 13 months.]

History and Characteristics of Petitioner:
Pursuant to 18 USC 3142(g)(3), this Honorable Court may consider:

(A) The Person's character, Physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, Past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court Proceedings; and

(B) Whether, at the time of the current offense or arrest, the Person was on Probation...

With respect to the factors set out in Section (A). which some courts is evidence of risk of flight. Petitioner assures the Court, that he is not a Flight risk. And has strong family ties to the State of Colorado. And to the Denver area. Petitioner states for the record:

He was born in Denver colorado in 1980. Petitioner's Wife [Renita Cruz] and his two children (with one on the way) Live in Rocky ford, Colorado. Petitioner's father lives in Littleton Colorado. And owns and operates [Cruzitos Towing] ie, a Tow Truck company.

Employment:
While on Supervised released. Petitioner was employed the City of La Junta, Colorado. And worked in the Fairview Heights Cemetary. As a caretaker. Petitioner's Supervisor's name is Brock.

Therefore, contends that he is not a Flight risk.

Petitioner's Characteristics:
First, Petitioner understands that he broke the law by Failing to report to the half way house. However, the are some mitigating circumstances Petitioner would like to bring to the Court's attention.

Post Traumatic Stress Disorder [PTSD]:
While in the Federal Bureau of Prisons - (FBOP) Petitioner was diagnosed by BOP Psychologist(s) as suffering from [PTSD]. As a result of being stabbed over 16 times. And was Prescribed medication, Such as; Mertazapine, Amatriptolin, Buspurin. to help Petitioner cope with ~~not~~ my anxiety and Flashbacks. as a result of being stabbed. And Petitioner concedes that my absconding was unlawful.

And Petitioner regrets doing so. And accepts full responsibility. However, at that time, as now. I am the Sole Provider for my family. At this time, my wife is Pregnant. And I needed to Provide a staple Place for my family to live.

The Court should also be made aware, that Petitioner contacted his Probation officer. And informed the Probation officer,


that Petitioner wanted to care of the outstanding warrant. In order to get back to his family. And to return to work.

Not A Danger To The Community:
First, While in custody at the Federal Prison Camp, Leavenworth, KS. I was allowed to Speak with at risk Kid in alternative Schools. As well as at the Kansas City university.

Petitioner has completed the BOP's RDAP Program. And has obtained over (69.) certificates. And was a GED Tutor. Which was a contributing factor in the Court in the Southern District of Illinois. Granting Petitioner's immediate release. Thus, Petitioner is not a danger to the community.

Judicial Resources:
Petitioner believes that if this Honorable Court would grant his motion for release Pending Sentencing. It would afford the Petitioner the opportunity to re-establish his employment. And to Support his family. And would save Judicial resources. As well as saving the American Taxpayer countless of dollars.

## CONCLUSION

Petitioner will be facing a few months of imprisonment, if the Court were to Sentence Petitioner to more time. However, Petitioner would respectfully ask this Honorable Court, to Please consider a Sentence of "Time Served.] Which will allow Petitioner to be a contributing member of Society and not a burden. Thus, Petitioner Respectfully request that this Honorable Court grant his motion.

Respectfully Submitted *

## Certificate of Service

Petitioner affirms under the penalty of Perjury — 28 USC 1746. That a copy of the foregoing and within has been served upon the attorney for the government pursuant to Rule 4, of the Federal Rules of Civil Procedures, [FRCiv.P.] And the Prison mailbox rule to;

\*

Asst. U.S. Attorney
Office of the U.S. Attorney
1801 California St, Ste 1600
Denver, CO. 80202

\* Sergio Cruz
Pro Se - #98484-080
FCI-Englewood
9595 W. Quincy Ave
Littleton, CO. 80123

This 13th day of July, 2020

cc: own file
cc: appointed attorney

# ADDENDUM

Petitioner would like to bring to the Court's attention. Petitioner's chronic health and medical issues, that makes Petitioner more susceptible to contracting COVID-19. It is clearly documented in Petitioner's Bureau of Prisons medical records. That he has been diagnosed testicular cancer, liver disease, And sleep apena. Which requires the use of a CPAP machine.

Which Petitioner does not have access to. Recently, Two district courts have granted compassionate releases, due to COVID-19. Pursuant to the First Step Act, Section 404. See U.S. v. Dawson, 2020 WL 1812270 (D. Kan, 9 April) and U.S. v. Plank, No. 17-20026 (D. Kan 2020, 2 July)

Petitioner request the same consideration from this Honorable court. So as Petitioner may seek proper medical treatment See U.S. v. Delgado, 2020 U.S. Dist. LEXSS 84469 (D. conn, 30 Apr.)

Respectfully Submitted