IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 20-cv-02781-RBJ
Criminal Action No. 18-cr-00540-RBJ-2

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

SERGIO J. CRUZ,

    Defendant/Movant.

---

ORDER DENYING 28 U.S.C. § 2255 MOTION

---

    Defendant, Sergio J. Cruz, filed *pro se* a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on October 26, 2020. (ECF No. 44). The Court must construe the motion liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

    A district court may deny a § 2255 motion without holding a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons stated

below, the Court will deny the motion.

On August 24, 2020, Defendant admitted to violations one and two alleged in the Superseding Petition Due to Violations of Supervision (ECF No. 30) and the Government dismissed claim three.  (ECF No. 38).  Defendant was resentenced to the Bureau of Prisons for a term of 10 months, 3 years supervised release.  (*Id.*).  The Court recommended that Defendant receive credit for time served.  (*Id.*).  Defendant did not appeal.

In his motion, Defendant challenges the computation of his prison sentence, asserting that he has "a banked time of between 22 and 57 months" which "should be applied to defendant[']s violation and he should be released immediat[e]ly."  (ECF No. 44 at 4).  Defendant's motion must be denied because the relief he seeks is not available by motion pursuant to § 2255 in his criminal case.  Section 2255 allows

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979) (relief under § 2255 is available to correct sentencing defects that raise constitutional, jurisdictional, or other fundamental defects).  The Attorney General, through the Bureau of Prisons, is responsible for calculating credit for prior custody under 18 U.S.C. § 3585(b).  *See United States v. Wilson*, 503 U.S. 329, 334 (1992).  Therefore, if

Defendant wishes to pursue a claim in federal court regarding the execution of his sentence with respect to prior custody credit, he must raise the claim in a habeas corpus action pursuant to 28 U.S.C. § 2241 in the district where he is confined after exhausting administrative remedies.   See *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When the district court denies relief on procedural grounds, the defendant seeking a certificate of appealability must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Court finds that jurists of reason would not debate the correctness of the Court's procedural ruling herein.   Therefore, the Court will not issue a certificate of appealability.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Defendant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant

to 28 U.S.C. § 2255 filed October 26, 2020 (ECF No. 44) is denied without prejudice to Defendant filing his claim in action pursuant to 28 U.S.C. § 2241.   It is

FURTHER ORDERED that the previously-filed Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 40) and Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 42) are denied as moot.   It is

FURTHER ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED October 29, 2020, at Denver, Colorado.

BY THE COURT:

[signature: Brooke Jackson]

R. BROOKE JACKSON
United States District Judge